ATTORNEY DISCIPLINARY PROCEEDINGS
[[PER CURIAM. *
This attorney disciplinary matter arises from two counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, George Seariano, an attorney licensed to practice law in the State of Louisiana. The charges allege violations of Rules 1.1(a) (competence), 1.3 (diligence), 1.4 (communication with clients), 1.16(d) (return of client documents at termination of the representation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct.
UNDERLYING FACTS
The record indicates that in 1994, John Keys, a Texas attorney, retained respondent to file suit on behalf of PK Investments, Inc. in connection with an unpaid promissory note in the amount of ISO^OO.[1] Thereafter, respondent failed to file the suit, but falsely represented to Mr. Keys that the suit had been filed and the defendant was served pursuant to the long-arm statute. Additionally, respondent prepared an affidavit of correctness of note and non-military service, which were supposedly bneeded to obtain a default judgment, and forwarded it to Mr. Keys in Texas for his signature. Mr. Keys returned the affidavit to the respondent in May of 1995, but respondent still took no action. Mr. Keys last spoke to the respondent in December of 1995. He was advised by respondent that a default judgment would be secured in the first week of January 1996,
On February 21, 1996, Mr. Keys filed a complaint with the ODC after respondent failed to take or return any of his numerous phone calls.[2] The ODC requested information from the respondent regarding the complaint. Although respondent was granted two fifteen-day extensions of time to respond to the ODC’s request, he failed to do so. Respondent appeared before the ODC pursuant to a subpoena; however, his deposition was continued when respondent requested time to obtain counsel. The deposition was again scheduled and continued on two other occasions so that respondent could obtain representing counsel. However, respondent never appeared before the ODC, nor did he file a written response to the complaint.
DISCIPLINARY PROCEEDINGS
On December 20, 1996, the ODC filed formal charges against respondent. The first count alleged respondent neglected to file suit on behalf of PK Investments, Inc., and failed to communicate with Mr. Keys, who was acting on its behalf. The second count alleged respondent failed to cooperate with the ODC in its investigation of this matter.
Since the respondent failed to file an answer, no formal hearing was conducted, [¡and the matter was considered by the hearing committee on documentary evidence alone.
On May 12, 1997, the hearing committee filed its findings and recommendation with the disciplinary board. The committee concluded that respondent violated the Rules of Professional Conduct, both in his neglect of the legal matter and in his failure to cooperate with the ODC’s investigation of that matter. Considering these violations in light of respondent’s prior disciplinary record,[3] the *409 committee recommended he be suspended from the practice of law for a period of three years.
On March 3, 1998, the disciplinary board issued its recommendation to this court. Like the hearing committee, the board noted respondent’s conduct was knowing, if not intentional, and found he violated duties owed to his clients and the profession. With respect to the allegations of a failure to cooperate, the board stated respondent successfully delayed the disciplinary process for over six months by seeking continuances for his depositions.
After reviewing cases from this court involving similar misconduct,[4] and (¿recognizing the presence of several aggravating factors,[5] the board concurred in the committee’s recommendation of a three year suspension. One board member rendered a concurrence stating he would have preferred imposition of a sanction of disbarment.
Respondent filed an objection in this court to the disciplinary board’s recommendation. Accordingly, pursuant to Supreme Court Rule XIX, §ll(G)(l)(b), the matter was set for oral argument.
DISCUSSION
We find the disciplinary board’s recommendation is supported by the record. The evidence clearly establishes that respondent failed to file suit in this matter, and then attempted to deceive or mislead his client into believing the suit was filed, going so far as to send the client affidavits which supposedly had to be signed in connection with the non-existent suit. As to the failure to cooperate charge, the record demonstrates that respondent was given numerous opportunities to answer the charges against him, but failed to do so.
In his objection filed in this court, respondent asserts that he suffers from alcoholism and was unable to respond to the charges against him. In this court, respondent for the first time has employed counsel to represent Mm. Counsel has requested additional time to have respondent admitted into a program for treatment of his alcohol dependency, pointing out that this is the first time respondent has ever faced his substance abuse problem, which allegedly has been the underlying cause fcof his disciplinary problems. Counsel has further requested a remand for the purpose of introducing evidence of the clients desire to withdraw the complaint.
Respondents failure to present evidence to the hearing committee that he suffers from alcohol dependency and that he is willing to seek treatment arguably is mitigated by the fact that he is for the first time willing to admit his problem. Of course, it is never too late for an alcoholic to cease denying the problem and to seek a new start. Nonethe *410 less, the misconduct warrants a severe sanction, and nothing on the record justifies a deviation from the recommended sanction.
We have decided to impose the recommended three-year suspension. However, because of the unique circumstances of this case, and in order to provide incentive for respondents recovery, we will allow respondent to apply for conditional readmission on probation[6] after one year and one day if he registers with the Lawyers ^Assistance Program, or similar agency, and successfully undergoes treatment for his alcoholism. Under this proposal, the public is protected by the three-year suspension, but respondent is given a motivation for successfully addressing his problem.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, oral argument and brief filed by the ODC, it is the decision of this court that respondent, George Seariano, be suspended from the practice of law for a period of three years. However, he may apply for conditional readmission on probation in accordance with this opinion after one year and one day. All costs of these proceedings in the amount of $303.22 are assessed against respondent.

 Johnson, J. not on panel. Rule IV, Part 2, § 3.

. At the time respondent was retained, Mr. Keys was a shareholder of PK Investments, Inc.

. At the time the complaint was filed, Mr. Keys apparently still believed respondent had filed the lawsuit and was waiting to confirm the default judgment.

.In January of 1988, respondent was reprimanded for failing to cooperate with the Committee on Professional Responsibility. In re: *409 Scariano, DB-8872. On April 11, 1988, respondent was suspended from the practice of law for a period of two years based on charges that he commingled and converted client funds and failed to cooperate with the Committee on Professional Responsibility. Louisiana State Bar Ass'n v. Scariano, 523 So.2d 834 (La.1988). Additionally, at the time the instant matter was pending before the hearing committee, respondent was ineligible to practice due to his failure to pay his bar dues. The record does not indicate as to whether he ever became eligible to practice.

. The disciplinary board relied on the following cases: Louisiana State Bar Ass'n v. Roussel, 545 So.2d 989 (La.1989) (two year suspension imposed on a lawyer who had no prior disciplinary record, who neglected a client’s worker’s compensation claim resulting in the loss of a cause of action, and who then lied to his client that the case was settled); Louisiana State Bar Ass'n v. Nabonne, 539 So.2d 1207 (La.1989) (one year suspension imposed on an attorney without a prior disciplinary record who jeopardized a client’s interest in the sale of immovable property by failing to comply with the title insurer’s requirements and also allowed a tort suit to prescribe and then lied to the client that it had been filed); and Louisiana State Bar Ass'n v. Lyons, 491 So.2d 369 (La.1986) (two year suspension imposed on a lawyer without a prior disciplinary record who knowingly deceived his clients into believing suit had been filed on their behalf).

. The board noted the presence of the following aggravating factors: (a) dishonest and selfish motive; (b) pattern of misconduct; (c) multiple offenses; (d) bad faith obstruction of the disciplinary proceedings by intentionally failing to comply with rules or orders of disciplinary agency; (e) refusal to acknowledge wrongful nature of conduct; (0 vulnerability of the victim; (g) substantial experience in the practice of law (admitted in August 1968); and (h) prior discipline.

. If readmitted applicant would be permitted to practice law on a conditional basis, subject to his fulfilling the following or similar conditions:
1. The applicant's license to practice law shall be a conditional one for a period of two years.
2. During this two year period, the applicant shall:
(a) enter into a recovery contract with the Lawyer’s Assistance Program, Inc. for a period of two years;
(b) be monitored by a member of the Committee of Alcohol and Drug Abuse;
(c) be required to comply with such additional conditions as may be imposed on him by the appointed monitor.
3. The applicant shall be responsible for such reasonable costs as are appropriately imposed by the Lawyer's Assistance Program, Inc., Committee of Alcohol and Drug Abuse, and/or the appointed monitor.
4. A failure to observe the conditions, or a finding of probable cause regarding impermissible conduct during the two year period may terminate the conditional right to practice law and subject the applicant to all available grievance procedures under the Rules of the Disciplinary Board.
5. If circumstances warrant, the two year conditional probation may be extended by this court.
6. If the applicant relocates outside the State of Louisiana during the two year probationary period, the applicant's license to practice law in Louisiana shall be terminated and may only be reinstated upon full compliance with the rules and regulations governing admission to the Louisiana Bar.