*312 ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.*
This disciplinary matter arises from three counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Aylmer M. Wyche, III, an attorney licensed to practice law in Louisiana, but who is currently ineligible.
UNDERLYING FACTS

Count I

On September 20, 1996, this court suspended respondent for a period of two-years, with all but ninety days deferred, for misconduct arising out of his handling of a succession matter. In re: Wyche, 96-1033 (La.9/20/96), 679 So.2d 1335. Following the active portion of his suspension, respondent failed to comply with the requirements of Supreme Court Rule XIX, § 23. Accordingly, he remains ineligible to practice law.
On February 9, 1998, respondent appeared in open court on behalf of the plaintiff in the matter entitled Montgomery Ward Corp. v. Richard Partain, Number 47428 on the docket of the Bossier City Court, Judge Michael E. Daniel presiding. Following a hearing on that date, Judge Daniel granted summary judgment in favor of the plaintiff. Thereafter, the judge learned of respondent’s ineligibility to practice Ijaw. As a result, the judge set aside the judgment on his own motion and filed a complaint with the ODC.
During the investigation of the complaint, respondent testified in a deposition that prior to the February 9, 1998 hearing date, he was contacted by Greg Eaton, a Baton Rouge attorney who represented Montgomery Ward in the Partain ease. Respondent explained that Mr. Eaton needed “someone” to present a motion for summary judgment to the Bossier City Court. Although another attorney in respondent’s office frequently handled such matters on Mr. Eaton’s behalf, that attorney was not available to attend the February 9 hearing; therefore, respondent did so. Respondent testified that he “didn’t do any argument” and made no appearance in the case,[1] but simply delivered the' judgment Mr. Eaton had prepared. Respondent admitted that he did respond on the record to the judge’s questions concerning the non-appearance of counsel for the defendant. Respondent also admitted that he did not bring to the judge’s attention the fact that he was then ineligible to practice law.

Count II

Lee Ann Blaufuss retained respondent to represent her in a redhibition case. Although respondent filed suit on Ms. Blau-fuss’ behalf, the ODC alleges the suit was filed outside of the prescriptive period.[2] *313 Respondent failed to keep Ms. Blaufuss informed concerning the status of the [¡¡matter, and he misrepresented the status of the case to her. Respondent also failed to inform Ms. Blaufuss of his suspension from the practice of law.

Count III

Respondent failed to cooperate in the ODC’s investigation of the complaints filed by Judge Daniel and Ms. Blaufuss. Respondent faked to answer either of the complaints, and he was twice subpoenaed to appear before the ODC. Respondent appeared pursuant to one subpoena but failed to appear pursuant to the second.
DISCIPLINARY PROCEEDINGS

Formal Charges

After its investigation, the ODC filed formal charges against respondent, alleging his conduct violated Rules 1.1 (failure to provide competent representation to a client), 1.3 (failure to act with diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 5.5 (unauthorized practice of law), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.
Respondent failed to answer or otherwise respond to the formal charges. Accordingly, no formal hearing was held, and the matter was submitted to the hearing committee solely on documentary evidence. .
| ¿Hearing Committee Recommendation
After reviewing the documentary evidence submitted by the ODC, the hearing committee concluded that the record clearly and convincingly demonstrates that respondent committed the misconduct set forth in the formal charges.[3]
Turning to a discussion of an appropriate sanction, the committee determined that a suspension is appropriate for respondent’s knowing, if not intentional, misconduct. As aggravating factors, the committee found prior discipline,[4] pattern of misconduct, failure to cooperate, vulnerability of the victim, and substantial experience in the practice of law (admitted 1971). The committee found no mitigating factors. Under these circumstances, the committee recommended that respondent be suspended from the practice of law for three years.
Neither respondent nor the ODC objected to the committee’s recommendation.

Disciplinary Board Recommendation

In its report, the disciplinary board found that respondent violated duties owed to his clients, the public, and the profession. The board also concurred in the hearing committee’s assessment of the aggravating factors. Relying on the ABA’s Standards for Imposing Lawyer Sanc *314 tions[5] and this court’s opinion in In re: Scariano, 98-0532 |B(La.10/16/98), 719 So.2d 407,[6] the board recommended that respondent be suspended from the practice of law for three years. The board further recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
The record supports the factual findings of the hearing committee and disciplinary board. As to the Partain matter, respondent was clearly ineligible to practice law, but he nevertheless appeared in open court on behalf of a client and concealed his ineligibility to practice from the trial judge. In the Blaufuss matter, respondent neglected his client’s case, and failed to keep her informed of the status of the case. Finally, respondent 'failed to fully cooperate in the disciplinary investigations of these matters, despite being admonished in the past for similarly refusing to cooperate.
Considering the numerous aggravating factors present in this case, including respondent’s prior disciplinary record, and the lack of mitigating factors, we conclude a three-year suspension from the practice of law is an appropriate sanction for respondent’s misconduct. Accordingly, we will accept the disciplinary board’s recommendation and suspend respondent from the practice of law for three years.
|fiDECREE
Upon review of the findings and recommendation of the disciplinary board, and considering1 the- record, it is ordered that respondent be suspended from the practice of law in Louisiana for a period of three years. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Knoll, J., not on panel. Rule.IV, Part II,.§ 3.

. The court's minutes reflect that the "plaintiff appeared through attorney, A1 Wyche.”

. Based on documents in the record, it appears the suit may have in- fact been filed timely. The suit record reveals that Ms. Blau-fuss purchased her home (the- subject of the redhibition claim) on December 3, 1993. Respondent filed suit on December 5, 1994, thus making it appear the one-year prescriptive date had passed. However, December 3, 1994 was a Saturday, a legal holiday. Therefore, under La.Code Civ.P. art. 5059, respondent would have had until Monday, December 5, 1994 to file suit. In any event, the suit *313 record shows no activity in the case since an answer was filed by the defendant on December 12, 1994.

. The committee acknowledged that Ms. Blaufuss' redhibition claim may not be prescribed, as charged in Count II of the formal charges. Nevertheless, the committee found that respondent neglected the matter by allowing the suit to "sit idle" for more than four years, and that he misrepresented the status of the case to his client. Accordingly, the committee concluded respondent violated the professional rules as charged.

. In addition to the suspension previously discussed, respondent was admonished in 1997 for failing to cooperate in the ODC’s investigation of a complaint filed against him (97-ADB-025). He was also admonished in 1993 for misconduct arising out of his neglect of a domestic relations matter (93-ADB-054).

. Standard 4.62 suggests that suspension is generally appropriate when a lawyer knowingly deceives a client and causes injury or potential injury. Under Standard 7.2, suspension is also appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession and which causes injury or potential injury -to a client, the public, or the legal system.

. In Scariano, the respondent was retained to collect an unpaid promissory note. He failed to timely file suit on his client’s behalf, falsely misrepresented the status of the case to his client, and failed to communicate with his client. The respondent also failed to cooperate in the ODC’s investigation of the complaint filed against him. For his misconduct, the respondent was suspended for three years.