DISCIPLINARY PROCEEDINGS
JiPER CURIAM.
Complaints were filed against respondent by two of his former clients. On May 21, 1993, Regina N. Rambin filed a complaint with the Grievance Committee of the Shreveport Bar Association for respondent’s alleged failure to take action on a child support matter after Ms. Rambin had paid him a fee of $350.00, which respondent never refunded. The Shreveport Bar Association contacted respondent, but he failed to respond. The matter was then referred to the Office of Disciplinary Counsel.
The second complaint was filed by Ms. Patricia Whatley and her husband, Brian H. Whatley, who alleged that they paid respondent a first installment fee and filing fees in the amount of $402.00 to represent them in an adoption matter. They allege that respondent never completed the case. After Mrs. Whatley’s attempts to contact respondent failed, she filed a complaint with the Shreveport Bar Association’s Ethics Committee on October 9,1993.
On August 13,1993, the Office of Disciplinary Counsel wrote to respondent requesting that he respond to Ms. Rambin’s complaint for the return of her file. Respondent failed to respond. Respondent also failed to respond when the Office of Disciplinary Counsel contacted respondent on November 2, 1993 by certified mail, reminding him of his duty to cooperate and again requesting Ms. Rambin’s file.
On November 10,1993, the Office of Disciplinary Counsel contacted respondent for his response to Mr. and Mrs. Whatley’s complaint. Respondent failed to respond. On December 16, 1993, the Office of Disciplinary Counsel notified respondent by certified mail of the Whatley’s complaint and his duty to cooperate. Again, there was no response by respondent.
*36 On March 16, 1994, the Office of Disciplinary Counsel issued a subpoena to respondent ordering him to produce the two complainants’ files. Respondent failed to respond. ^Consequently, formal charges were filed against him on June 24, 1994. Respondent provided no response or objections to the formal charges, neither did he respond to the Hearing Committee’s request for briefing of this matter.
The Hearing Committee found that respondent willfully violated Supreme Court Rule 19, Section 9(c), and Rules 3.4(c), 8.1(b), (c) and 8.4(a), (d), (g) of the Rules of Professional Conduct, and that these violations have continued from the date of the first contact by the Office of Disciplinary Counsel through the date of the meeting of the Hearing Committee. The Hearing Committee also found that respondent’s refusal to honor his obligation as a member of the bar constitutes an on-going breach of these obligations. The Hearing Committee recommended that respondent be suspended from the practice of law for a period of not less than six months and that his reinstatement to the practice of law should be contingent upon his full and complete compliance with the subpoena which the respondent has refused to answer. The Hearing Committee further recommended that in the event respondent does not fully comply with the subpoena during the six month period, the suspension should continue until such time as respondent fully and completely complies with the subpoena of the Office of Disciplinary Counsel, and the Office of Disciplinary Counsel files a Motion with the Disciplinary Board of the State Bar Association stating that respondent has fully and completely responded to the subpoena.
The Disciplinary Board agreed with the Hearing Committee’s findings and recommended that respondent be suspended from the practice of law for a period of six months. Further, that reinstatement be contingent upon: (1) his compliance with any and all outstanding subpoenas issued by the Office of Disciplinary Counsel; (2) proof of payment of all currently owed bar dues and disciplinary assessment fees; (3) proof of satisfaction of the mandatory continuing legal education requirements; and (4) the payment of all costs of these proceedings.
Upon review of the record and recommendations of the Hearing Committee and Disciplinary Board, it is the decision of the court that the Disciplinary Board’s recommendation be adopted.
Accordingly, it is ordered that respondent be suspended from the practice of law for a period of six months, and that reinstatement be subject to the following conditions:
(1) his compliance with any and all outstanding subpoenas issued by the Office of Disciplinary Counsel;
|⅞(2) proof of payment of all currently owed bar dues and disciplinary assessment fees;
(3) proof of satisfaction of the mandatory continuing legal education requirements; and
(4) the payment of all costs of these proceedings.
SIX-MONTHS SUSPENSION; REINSTATEMENT SUBJECT TO CONDITIONS.
KIMBALL, J., not on panel.