*794 ATTORNEY DISCIPLINARY PROCEEDINGS
1PER CURIAM. *
This attorney disciplinary proceeding arises from a complaint filed with the Office of Disciplinary Counsel (“ODC”) by Lee Sehlesinger, former Chief Executive Officer and majority stockholder of the Westminster Corp. (“Westminster”), against respondent, Mitchell Herzog, a New Orleans attorney, alleging respondent represented adverse clients, giving rise to an impermissible conflict of interest.
The record indicates that respondent, a former member of the law firm of Shusan, Meyer, and McPherson, had represented Westminster, a commercial real estate corporation, for several years. In 1990, when the corporation was experiencing financial troubles, respondent “strongly suggested” that Westminster merge with Sizeler Corp., another real estate development corporation owned by Sidney Lassen. Unbeknownst to Sehlesinger, respondent had represented Lassen and some of his many companies. After the merger, Sehlesinger was removed as CEO of Westminster and lost control of his company.
Sehlesinger subsequently filed a legal malpractice suit against respondent, alleging respondent represented the two adverse interests in the multi-million dollar merger deal, resulting in an obvious conflict of interest. After a jury trial, Sehlesinger was awarded $5.5 million in damages. This judgment was later affirmed on appeal. Schlesinger v. Herzog, 95-1127, 95-1128 (La.App. 4th Cir. 4/3/96), 672 So.2d 701.
In October of 1997, both respondent and the ODC filed a joint petition for interim suspension in this court. On October 10, 1997, this court placed respondent on interim suspension pending further orders of the court, and ordered necessary ^disciplinary proceedings be instituted. In re: Herzog, 97-2324 (La.10/10/97), 703 So.2d 592.
Prior to the filing of formal charges, respondent tendered a Petition for Consent Discipline. He acknowledged his conduct vi-dated Rules 1.7 (conflict of interest) and 2.2 (acting as an intermediary) of the Rules of Professional Conduct, and proposed he be suspended from the practice of law for a period of eighteen months.
Subsequently, the ODC filed a concurrence to the petition and submitted its evidence in support of the complaint filed against respondent.
On March 23, 1997, the disciplinary board filed its recommendation with this court, finding “the proffered consent discipline is appropriate and within the guidelines under which the board operates ... [and] will serve to protect the integrity of the profession and caution others to avoid such serious conflicts in the future.” It further recommended the suspension be made effective from the date of interim suspension, October 10, 1997, and that all costs of the proceedings be assessed to respondent.
Upon review of the disciplinary board’s findings and recommendation, and the record filed herein, it is the decision of the court that the recommendation of the board be adopted.
Accordingly, it is ordered that Mitchell W. Herzog be suspended from the practice of law for a period of eighteen months, effective from October 10, 1997, the date of interim suspension. All costs of these proceedings are assessed against respondent.

 Kimball, J. not on panel. Supreme Court Rule IV, Part 2, § 3.