ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM. *
This disciplinary matter arises from a petition for consent discipline jointly filed by respondent, Bernard J. Hardy, and the Office of Disciplinary Counsel (“ODC”) following the institution of formal charges.
UNDERLYING FACTS

Count I

In Count I of the formal charges, the ODC alleges that in May 1995, Leo Sanford retained respondent to handle a succession matter. Mr. Sanford paid respondent’s student worker $120 for legal *1288 research, and paid respondent a total of $500 for legal services. After the initial research, respondent allegedly failed to complete the representation. Respondent failed to return telephone calls from Mr. Sanford and later relocated his office without notice to Mr. Sanford. Respondent also failed to account for the fee to his client or to return any unearned portion of the fee.
The ODC alleges, and respondent admits, that these actions violated Rules 1.3 (failure to act with diligence), 1.4 (failure to communicate with a client), 1.5(f)(6) (failure to refund an unearned fee). 1.15(c) (safekeeping property of a client or third person), and 8.4(a) (violation of the Rules of Professional Conduct) of the Rules of Professional Conduct.

Count II

In Count II of the formal charges, the ODC alleges that on September 15, 1997, respondent promised he would complete the Sanford matter and report the results to the ODC within | ¿forty-five days; however, he failed to do so. On January 26, 1998, the ODC requested that respondent submit additional information and documentation of his efforts to complete the matter. Respondent failed to do so. On April 21, 1998, an investigatory subpoena was issued to compel respondent’s appearance and sworn statement before the ODC.
The ODC alleges, and respondent admits, that these actions violated Rules 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.
DISCIPLINARY PROCEEDINGS
After its investigation, the ODC filed two counts of formal charges against respondent. Respondent did not timely file an answer or other responsive pleading, and the ODC subsequently moved to declare the factual allegations of the formal charges deemed admitted. After the hearing committee chair granted the motion, respondent answered the formal charges[1] and moved to recall the deemed admitted order. The motion to recall was granted and a formal hearing was set.
Prior to the formal hearing, respondent and the ODC submitted a joint petition for consent discipline. The parties proposed that respondent be suspended from the practice of law for six months, deferred, subject to eighteen months of supervised probation with a practice monitor and the completion of an additional five hours of continuing legal education in the area of law office management.

Disciplinary Board Recommendation

The disciplinary board recognized respondent has admitted that he engaged in the misconduct set forth in the formal charges. The board found that respondent violated duties owed to his client and has engaged in negligent misconduct. The board suggested that respondent’s misconduct is mitigated by the absence of a prior disciplinary record, the absence of a selfish or dishonest motive, restitution of unearned fees, and remorse; however, it noted substantial experience | ¡¡in the practice of law (admitted 1982) and obstruction of the disciplinary process as aggravating factors. The board also recognized that respondent’s client did not suffer any actual harm.
Accordingly, the board recommended respondent be suspended from the practice of law for six months, deferred, subject to an eighteen-month period of supervised *1289 probation with a practice monitor and the completion of an additional five hours of continuing legal education in law office management. The board further recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
DISCUSSION
Respondent has admitted that he engaged in the misconduct set forth in the formal charges. Based on our review of the record, we find the proposed consent discipline is appropriate under the circumstances.
Accordingly, we will accept the petition for consent discipline.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Bernard J. Hardy be suspended from the practice of law for a period of six months, deferred, subject to an eighteen-month period of supervised probation with a practice monitor and the completion of an additional five hours of continuing legal education in the area of law office management. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
VICTORY and TRAYLOR, JJ., would reject consent discipline.

 Knoll, J., not on panel. Rule IV, Part II, § 3.

. Respondent filed a lengthy and detailed response to the formal charges, in which be explained that he and Mr. Sanford met on several occasions to discuss a complicated succession matter. The character of the representation apparently changed upon each meeting; however, Mr. Sanford was never able to supply respondent with the basic information necessary to complete the matter, including the decedent's will.