*515 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
This disciplinary matter arises from a petition for consent discipline jointly filed by respondent, Leila Selden Withers, and the Office of Disciplinary Counsel (“ODC”) prior to the institution of formal charges.
UNDERLYING FACTS
In June 1998, respondent represented a client in a family court matter while she was ineligible to practice law. Respondent’s ineligibility arose from her failure to complete the required number of mandatory continuing legal education hours. Respondent admits her actions violated Rule 5.5(a) (unauthorized practice of law) of the Rules of Professional Conduct.
In September 1998, while representing a client in a criminal matter, respondent became involved in a “highly improper relationship” with her client,[1] thereby creating a conflict of interest that prevented respondent from exercising her independent professional judgment. Respondent admits her actions violated Rules 1.7 (conflict of interest) and 2.1 (failure to exercise independent professional judgment in representing a client) of the Rules of Professional Conduct.
During the course of its investigation of these matters, the ODC requested that respondent make herself available for a sworn statement. On three occasions, dates were set for respondent to appear. On the first occasion, respondent appeared forty-five minutes late, then refused to answer some of the ODC’s questions. On the second occasion, respondent again appeared forty-five minutes late. On the third occasion, respondent refused to appear. Respondent admits her | ¡¡.actions violated Rules 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.
DISCIPLINARY PROCEEDINGS
Prior to the filing of formal charges, respondent and the ODC jointly agreed that respondent would submit to consent discipline. The parties proposed:
A. A suspension from the practice of law for a period of six months;
B. The period of suspension to be followed by 18 months supervised probation with a practice monitor;
C. Following the period of six months of suspension, any request for reinstatement must be accompanied by a report of a psychological evaluation, demonstrating that the Respondent is then fit to resume the practice of law;
D. Prior to any request for reinstatement, Respondent must be in compliance with all rules concerning bar association dues, disciplinary fees, and *516 Mandatory Continuing Legal Education requirements; and,
E. Respondent is responsible for all costs of these proceedings.

Disciplinary Board Recommendation

The disciplinary board found respondent has admitted that she engaged in the misconduct set forth in the petition for consent discipline. Relying on the ABA’s Standards for Imposing Lawyer Sanctions[2] and on jurisprudence from this court,[3] the board concluded the proposed consent discipline “appears to be appropriate and in line with other similar instances of misconduct.” The board suggested that respondent’s misconduct is mitigated by the absence of a prior disciplinary record; however, it also recognized multiple offenses and substantial experience in the practice of law as aggravating factors.
Accordingly, the board recommended respondent be suspended from the practice of law for six months, followed by an eighteen-month period of supervised probation subject to the special conditions proposed in the petition for consent discipline. The board further recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
DISCUSSION
Respondent has admitted that she engaged in the misconduct set forth in the petition for consent discipline. Based on our review of the record, we find the proposed consent discipline is appropriate under the circumstances.
Accordingly, we will accept the petition for consent discipline.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Leila Selden Withers be suspended from the practice of law for a period of six months, followed by an eighteen-month period of supervised probation subject to the specific terms and conditions set forth in the joint petition for consent discipline. Ml costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Traylor, X, not on panel. Rule IV, Part II, § 3.

. The petition lor consent discipline does not supply any additional information concerning the relationship; however, in its recommendation, the disciplinary board notes that the relationship "reflected negatively on [respondent's] professionalism, but there was no credible evidence of a sexual relationship.”

. Standard 4.32 suggests that suspension is generally appropriate when "a lawyer knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client.”

. With respect to respondent's improper relationship with her client, the board cited In re: Herzog, 98-0078 (La.5/1/98), 710 So.2d 793 (eighteen-month suspension); In re: Ashy, 98-0662 (La.12/1/98), 721 So.2d 859 (two-year suspension); and In re: Schambach, 98-2432 (La. 1/29/99), 726 So.2d 892 (three-year suspension). With respect to respondent’s unauthorized practice of law, the board cited In re: Jones, 98-0207 (La.3/27/98), 708 So.2d 413 (suspension for one year and one day, with six months deferred, followed by a one-year period of probation). And finally, with respect to respondent's failure to cooperate with the ODC, the board cited In re: Wood, 96-2425 (La.1/6/97), 686 So.2d 35 (six-month suspension).