ON APPLICATION FOR REINSTATEMENT
hPER CURIAM. *
This proceeding arises out of an application for reinstatement filed by petitioner, Mitchell W. Herzog, an attorney who is currently suspended from the practice of law in Louisiana.
UNDERLYING FACTS
On May 1,1998, we accepted petitioner’s request for consent discipline and suspended him from the practice of law for a period of eighteen months, retroactive to the date of his interim suspension on October 10, 1997. In re: Herzog, 98-0761 (La.5/1/98), 710 So.2d 793. Petitioner’s suspension arose from his representation of two adverse business interests, resulting in an impermissible conflict of interest.[1]
After serving his suspension, petitioner filed an application for reinstatement, asserting that he has complied with the reinstatement criteria set forth in Supreme I «Court Rule XIX, § 24(E).[2] The Office of *825 Disciplinary Counsel (“ODC”) has indicated that it has no objection to petitioner’s reinstatement to the practice of law. The ODC also contacted the complainant in the underlying disciplinary matter, who stated that he would not oppose petitioner’s application.
| .DISCIPLINARY BOARD RECOMMENDATION
In its recommendation to this court, the disciplinary board noted that no objections were received to petitioner’s reinstatement and that a letter was submitted by a Lafayette attorney in support of petitioner’s application. The board also noted that petitioner has paid all costs associated with his discipline, is current with his bar dues and disciplinary assessments, and has met all mandatory continuing legal education requirements. Accordingly, the board concluded that petitioner has satisfied the criteria for reinstatement to the practice of law, and recommended that his application be approved.
Neither petitioner nor the ODC objected to the board’s recommendation.
DISCUSSION
Petitioner has served the eighteen-month suspension imposed by this court in 1998, and no objections were received to his application for reinstatement. Petitioner has met the criteria for reinstatement set forth in Supreme Court Rule XIX, § 24(E). Accordingly, we will accept petitioner’s application and order that he be reinstated to the practice of law in Louisiana.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is ordered that petitioner, Mitchell W. Herzog, be reinstated to the practice of law in Louisiana.

 Victory, J., not on panel. Rule IV, Part II, § 3.

. Petitioner had for several years represented a real estate management company controlled by Lee Schlesinger. In 1990, when the company was experiencing financial trouble, petitioner strongly suggested that Schlesinger merge his company with a real estate development company controlled by Sidney Lassen, whom petitioner also represented. After the merger was completed, Schlesinger lost majority control of his company to Lassen. A $5.5 million judgment was entered against petitioner in a subsequent legal malpractice suit by Schlesinger. Schlesinger v. Herzog, 95-1127, 95-1128 (La.App. 4th CirA/3/96), 672 So.2d 701, writ denied, 96-1328 (La. 10/4/96), 679 So.2d 1381.

. Supreme Court Rule XIX, § 24(E) provides:
A lawyer may be reinstated or readmitted only if the lawyer meets each of the following criteria, or, if not, presents good and sufficient reasons why the lawyer should nevertheless be reinstated or readmitted:
(1) The lawyer has fully complied with the terms and conditions of all prior disciplinary orders except to the extent that they are abated under Section 25.
(2) The lawyer has not engaged nor attempted to engage in the' unauthorized practice of law during the period of suspension or disbarment.
(3) If the lawyer was suffering under a physical or mental disability or infirmily at the time of suspension or disbarment, including alcohol or other drug abuse, the disability or infirmity has been removed. Where alcohol or other drug abuse was a *825 causative factor in the lawyer's misconduct, the lawyer shall not be reinstated or readmitted unless:
(a) the lawyer has pursued appropriate rehabilitative treatment;
(b) the lawyer has abstained from the use of alcohol or other drugs for at least one year; and
(c) the lawyer is likely to continue to abstain from alcohol or other drugs.
(4) The lawyer recognizes the wrongfulness and seriousness of the misconduct for which the lawyer was suspended or disbarred.
(5) The lawyer has not engaged in any other professional misconduct since suspension or disbarment.
(6) Notwithstanding the conduct for which the lawyer was disciplined, the lawyer has the requisite honesty and integrity to practice law.
(7) The lawyer has kept informed about recent developments in the law and is competent to practice and has satisfied MCLE requirements for the year of reinstatement or readmission.
(8) The lawyer has paid to the Louisiana State Bar Association currently owed bar dues.
(9) The lawyer has paid all filing fees owed to the Clerk of Court and all disciplinary costs to the Disciplinary Board.
(10) The lawyer has paid to the Disciplinary Board currently owed disciplinary administration and enforcement fees required under Section 8(A) of this rule and has filed the registration statement required under Section 8(C) of this rule.