ATTORNEY DISCIPLINARY PROCEEDINGS
LPER CURIAM.*
This matter arises from a joint petition for consent discipline filed by the Office of Disciplinary Counsel (“ODC”) and respondent, Leila Selden Withers, an attorney licensed to practice law in the State of Louisiana but who is currently ineligible to practice.
UNDERLYING FACTS
On August 8, 1997, respondent was certified ineligible to practice law stemming from her failure to comply with her mandatory continuing legal education requirements. On September 4, 1998, she was again rendered ineligible resulting from her failure to pay her bar association dues and disciplinary assessment.
On January 5, 1999, while ineligible to practice law, respondent met with Ms. Mamie Scott and accepted a retainer of $4,000 to represent Ms. Scott’s son in a post-conviction criminal matter. Respondent failed to disclose her ineligibility to practice to Ms. Scott. Days later, respondent accepted an additional $530 from Ms. Scott.
*725 Subsequently, respondent failed to take any action in the case. After several months, Ms. Scott requested a refund of the legal fees she paid. Respondent refused to comply "with this request.
li>Ms. Scott then filed a complaint with the ODC, alleging respondent failed to perform any legal services and failed to refund unearned legal fees. Respondent filed a timely response denying any misconduct.
DISCIPLINARY PROCEEDINGS

Formal Charges/Petition for Consent Discipline

After investigation, the ODC filed one count of formal charges against respondent. The charges alleged violations of the Rules 1.5(f)(6) (failure to refund an unearned fee), Rule 1.15(a) (failure to safeguard property of a client or third party), Rule 5.5(a) (engaging in the unauthorized practice of law), Rule 8.4(a) (violating the professional rules), Rule 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct. Respondent filed an answer generally denying the allegations of misconduct.
Prior to the formal hearing, respondent and the ODC tendered the instant joint petition for consent discipline. In that petition, the parties stipulated that respondent accepted the legal fee from Ms. Scott and failed to disclose her ineligibility to engage in the practice of law. As aggravating factors, the parties recognized several mitigating factors: respondent’s prior disciplinary record,[2] dishonest or selfish motive, and substantial experience in the practice of law (admitted 1976). No mitigating ^factors were identified. As a sanction, the parties requested respondent be disbarred from the practice of law.

Disciplinary Board Recommendation

The disciplinary board found respondent breached her duties to her client, the public and the profession by knowingly and intentionally accepting a legal fee for work that she was ineligible to perform. Moreover, the board recognized respondent caused Ms. Scott to suffer serious injury by depriving her of the sum of $4,530 for an extended period of time. It concluded this misconduct adversely reflected on respondent’s fitness to practice law. The board further adopted the aggravating factors cited in the consent petition.
Based upon these considerations, the board recommended adoption of the proposed consent discipline of disbarment. It further recommended the court order respondent to make full restitution to Ms. Scott.
DISCUSSION
Because respondent has admitted to the charges, the sole issue before us is whether disbarment from the practice of law is an appropriate sanction for respondent’s misconduct. In making a determi *726 nation of the appropriate sanction, we are mindful that the purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the legal profession, and to deter other lawyers from engaging in violations of the standards of the profession. Louisiana State Bar Ass’n v. Guidry, 571 So.2d 161 (La.1990). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses | involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
In the instant case, respondent attempted to practice law while she knew she was ineligible to do so. This court has typically found unauthorized practice of law by an attorney who is ineligible is a serious violation of the professional rules. See, e.g., In re Richard, 00-1418 (La.9/1/00), 767 So.2d 36 (attorney without a prior disciplinary record was disbarred for engaging in the unauthorized practice of law while ineligible for more than six years); In re: Jones, 99-1036 (La.10/19/99), 747 So.2d 1081 (attorney disbarred for engaging in the unauthorized practice of law on four occasions, after being suspended in the past for similar misconduct). Respondent’s misconduct is compounded by the fact that she accepted client funds and did not return these funds when the client requested she do so, resulting in actual injury to her client.
The record reveals several aggravating factors, including respondent’s prior disciplinary record and substantial experience in the practice of law. We are unable to identify any mitigating factors.
Accordingly, we will accept the joint petition for consent discipline and order that respondent be disbarred from the practice of law.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is ordered that the name of Leila Selden Withers be stricken from the roll of attorneys and that her license to practice law in the State of Louisiana be revoked. Respondent is ordered .to make full restitution to Ms. Scott. All costs and expenses in the matter are assessed against respondent in accordance with ^Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Philip C. Ciaccio, Justice Pro Tempore, silting for Associate Justice Harry T. Lemmon.

. In In re Withers, 99-2951 (La.11/19/99), 747 So.2d 514, this court suspended respondent from the practice of law for a period of six months and placed her on eighteen months supervised probation pursuant to a petition for consent discipline. This matter stemmed from allegations of the unauthorized practice of law, engaging in a conflict of interest and failure to exercise independent professional judgment by becoming involved with a client in a "highly improper relationship," failure to cooperate in a disciplinary investigation, and engaging in conduct prejudicial to the administration of justice. In addition to the periods of ineligibility giving rise to the instant proceeding, respondent was also rendered ineligible to practice law on several other occasions: September 30, 1994; January 1, 1995 through January 17, 1995; October 1, 1996 through November 7, 1996.