ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
This disciplinary matter arises from four counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Bernard J. Hardy, an attorney licensed to practice law in Louisiana.
*512 UNDERLYING FACTS

Count I

On November 12, 1999, this court accepted a petition for consent discipline suspending respondent from practice for a period of six months, fully deferred, subject to an eighteen-month period of supervised probation and completion of an additional five hours of continuing legal education in the area of law office management. Respondent was also assessed with all costs and expenses in the matter in accordance with Supreme Court Rule XIX, § 10.1. In re: Hardy, 99-2952 (La.11/12/99), 744 So.2d 1287 (“Hardy I ”). Subsequently, the disciplinary board appointed attorney F. Barry Marionneaux to serve as respondent’s probation monitor. Respondent failed to reply to correspondence from Mr. Marionneaux or to return his telephone calls. Respondent also failed to obtain the additional five hours of continuing legal education required by lathe court’s order in Hardy I,[1] nor did he pay the costs and expenses of that disciplinary proceeding.[2]
The ODC alleges respondent’s conduct violates Rules 1.1(b) (failure to comply with the mandatory continuing legal education requirements), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 8.3(a) (failure to report professional misconduct), and 8.4(a) (violation of the Rules of Professional Conduct) of the Louisiana Rules of Professional Conduct.

Count II

Respondent was ineligible to practice law in Louisiana for the periods of July 31, 1986 through May 10, 1991; again from June 1, 1992 through May 27, 1993; again from August 6, 1998 through October 7, 1998; and again from August 1, 1999 through August 16, 2000.[3] These periods of ineligibility stemmed from respondent’s failure to pay his bar dues and the disciplinary assessment and to comply with the mandatory continuing legal education requirements.
The ODC alleges respondent’s conduct violates Rules 1.1(b), 8.3(a), 8.4(a), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Louisiana Rules of Professional Conduct.
| Count III
In April 2000, Cathy Griffin retained respondent to represent her son in two criminal matters. Respondent also assisted his client in recovering legal fees paid to Ms. Kevin James, the attorney who formerly handled the criminal cases. In connection with this representation, respondent drafted pleadings, filed motions into the court record, and negotiated a settlement of Ms. Griffin’s claims against Ms. James, including the withdrawal of disciplinary and civil complaints. Respondent did not advise Ms. Griffin or Ms. James that he was ineligible to practice law during this time.
The ODC alleges respondent’s conduct violates Rules 1.4 (failure to communicate with a client), 1.7(b) (conflict of interest), 1.16(a) (termination of the representation), *513 3.3 (candor toward the tribunal), 3.4(c), 5.5 (engaging in the unauthorized practice of law), 8.3(a), 8.4(a), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) of the Louisiana Rules of Professional Conduct.

Count IV

During the periods when respondent was ineligible to practice law, he filed pleadings or made appearances in numerous matters pending in the 19th Judicial District Court for the Parish of East Baton Rouge.
The ODC alleges respondent’s conduct violates Rules 1.4,1.7(b), 1.16(a), 3.3, 3.4(c), 4.1 (making a false statement of material fact to a third person), 5.5, 8.3(a), 8.4(a), 8.4(c), and 8.4(d) of the Louisiana Rules of Professional Conduct.
| DISCIPLINARY PROCEEDINGS
On September 17, 2001, the ODC filed four counts of formal charges against respondent. Respondent timely answered the formal charges and denied any misconduct. Specifically, respondent asserted that he had not intentionally failed to cooperate with his probation monitor and that he was financially unable to pay the costs of Hardy I. With respect to Counts II and III, respondent maintained that he had a misunderstanding with the Louisiana State Bar Association regarding the number of CLE credits he obtained, and that as soon as he was informed his credits were delinquent, he took immediate steps to cure the delinquency. Finally, respondent denied he filed pleadings or made court appearances after he learned that he was ineligible to practice law because of his CLE deficiency.

Hearing Committee Recommendation

After considering the evidence and testimony presented at the formal hearing, the hearing committee made the following factual findings:
1. F. Barry Marionneaux, respondent’s probation monitor, attempted on numerous occasions to contact respondent by certified mail and phone, to no avail.
2. Respondent failed to contact Mr. Mar-ionneaux during his eighteen-month period of probation, even though he knew the identity of his probation monitor and that he was under a Louisiana Supreme Court mandate to fulfill its previous disciplinary order.
3. During April 2000, respondent was retained and performed legal services for Cathy Griffin on behalf of her son, Ashly Griffin, at a time when he was ineligible to practice law.
I f,4. Respondent failed to comply with the continuing legal education requirements mandated by the Louisiana Supreme Court as part of his original consent discipline proceeding.
5. Respondent failed to pay the costs and expenses of the earlier disciplinary proceeding.
Based on these factual findings, the committee found that respondent failed to comply with the minimum continuing legal education requirements, a violation of Rule 1.1(b) of the Louisiana Rules of Professional Conduct; failed to cooperate with his probation monitor, a violation of Rule 3.4(c); and engaged in the unauthorized practice of law during a period of ineligibility, a violation of Rules 5.5, 8.4(a), 8.4(c), and 8.4(d). The committee made no findings as to the alleged violations of Rules 1.4,1.7(b), 1.16(a), 3.3, 4.1, and 8.3(a).
The committee determined that respondent violated duties owed to his clients, the public, the legal system, and the profession. The committee noted three aggravating factors are present, namely respondent’s prior disciplinary offense in Hardy *514 I, his refusal to acknowledge the wrongful nature of his conduct, and his indifference to making restitution.[4] The committee acknowledged respondent’s testimony that he suffers from depression and has had financial problems that prevented him from making restitution or otherwise complying with his professional obligations; however, the committee ultimately concluded that these facts should not be considered in mitigation, because “the evidence and testimony weighs heavily against Respondent, and ... much of Respondent’s testimony is simply not credible.”
|fiBased on this reasoning, the committee recommended that respondent be suspended from the practice of law for a period of eighteen months, followed by a one-year period of supervised probation with conditions.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

The disciplinary board agreed that the hearing committee’s factual findings are supported by the record. With respect to the committee’s application of the Louisiana Rules of Professional Conduct, the board determined the committee correctly applied Rules 1.1(b), 3.4(c), 5.5, 8.4(a), 8.4(c), and 8.4(d). However, the board also found respondent failed to communicate with Ms. Griffin, a violation of Rule 1.4; failed to withdraw from numerous cases in the 19th JDC, despite his ineligibility to practice law, a violation of Rule 1.16(a); and filed pleadings in the Ashly Griffin matter during his period of ineligibility, a violation of Rules 3.3 and 3.4(c). The board found no violations of Rules 1.7(b) and 8.3(a) were established. The board made no findings as to the alleged violation of Rule 4.1.
The board found the aggravating factors present include respondent’s prior disciplinary offense in Hardy I, pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of the conduct, and indifference to making restitution. In mitigation, the board recognized respondent’s health and financial problems during the time of the misconduct at issue.
In fight of these considerations, the ABA’s Standards for Imposing Lawyer Sanctions, and the prior jurisprudence,[5] the board concluded the sanction proposed by |7the committee is too lenient. Accordingly, the board recommended that respondent be suspended from the practice of law for two years and ordered to make restitution to Ms. Griffin. The board also recommended that respondent be assessed with all costs and expenses of these pro *515 ceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
One board member dissented in part, noting that he would not recognize respondent’s personal problems as a mitigating factor.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. Y, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is Inapplicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
We agree that the factual findings of the hearing committee are well supported by the evidence. We also agree that these factual findings support the disciplinary board’s conclusion that respondent has violated the Louisiana Rules of Professional Conduct.
Having found professional violations, we now turn to a determination of the appropriate sanction for this misconduct. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
In cases in which an attorney has engaged in the practice of law while ineligible to do so for failing to pay bar dues or failing to comply with the mandatory continuing legal education requirements, this court has imposed suspensions to disbarment, with the baseline sanction generally being a one year and one day suspension from the practice of law. See In re: Richard, 00-1418 (La.8/31/00), 767 So.2d 36 (disbarment imposed upon an attorney without a prior disciplinary record who engaged in the practice of law while ineligible for more than six years); In re: Withers, 99-2951 (La.11/19/99), 747 So.2d 514 (six-month suspension imposed upon an attorney without a prior disciplinary record who represented a client while ineligible, became involved in a “highly improper” relationship with her client, and failed to cooperate with the ODC in its investigation); In re: Grady, 99-0440 (La.4/9/99), 731 So.2d 878 (one [3year and one day suspension imposed upon an attorney who failed to terminate a representation after he became ineligible and failed to advise his client of the status of her case; numerous aggravating factors present); In re: Brough, 98-0366 (La.4/3/98), 709 So.2d 210 (one year and one day suspension imposed upon an attorney who practiced law while ineligible, filed a suit without a good faith basis for doing so, and failed to cooperate with the ODC in its investigation; numerous aggravating factors present); In re: Jones, 98-0207 *516 (La.3/27/98), 708 So.2d 413 (one year and one day suspension, with six months deferred, imposed upon an attorney who practiced law while ineligible; numerous aggravating factors present); and In re: Geiss, 97-1726 (La.9/26/97), 701 So.2d 967 (one year and one day suspension imposed upon an attorney who practiced law while ineligible, neglected a legal matter, failed to communicate with his client, and failed to refund an unearned fee).
The aggravating factors present in this case include respondent’s prior disciplinary record, pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of his conduct, substantial experience in the practice of law (admitted 1982), and indifference to making restitution. These aggravating factors far outweigh the solitary mitigating factor present. Under these circumstances, we agree that the disciplinary board’s recommendation of a two-year suspension and restitution is appropriate. If and when respondent applies for reinstatement, the board may consider recommending probation and other conditions as appropriate. Additionally, if and when respondent applies for reinstatement to the practice of law, he shall demonstrate he has satisfied all conditions set forth by this court in Hardy I.
|inDECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Bernard J. Hardy, Louisiana Bar Roll number 1406, be suspended from the practice of law in Louisiana for a period of two years. It is further ordered that respondent shall refund any unearned portion of the legal fee paid to him by Cathy Griffin. If and when respondent applies for reinstatement, the board may consider recommending probation and other conditions as appropriate. Additionally, if and when respondent applies for reinstatement to the practice of law, he shall demonstrate he has satisfied all conditions set forth by this court in In re: Hardy, 99-2952 (La.11/12/99), 744 So.2d 1287. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

.In fact, respondent obtained only 9.7 hours of CLE in the year 2000; the annual CLE requirement is 15 hours. The records of the Louisiana State Bar Association reflect that respondent has obtained no CLE since May 2001, when he completed 12.4 hours.

. It appears from the record that the costs and expenses of Hardy I totaled $1,240.54. One payment of $100 was received toward this sum on October 11, 2000; however, respondent has made no further payments.

. Respondent is presently ineligible to practice law, and has been so since July 26, 2001.

. Respondent has never refunded to Ms. Griffin the legal fees she paid during the period respondent was ineligible to practice law.

. The board primarily relied upon In re: Withers, 01-0967 (La.5/4/01), 786 So.2d 724, and In re: Wyche, 00-0029 (La.3/31/00), 756 So.2d 311. In Withers, the respondent was ineligible to practice law stemming from her failure to pay her bar dues and the disciplinary assessment and to comply with the mandatory continuing legal education requirements. While ineligible, the respondent met with a client and accepted legal fees to handle a criminal matter. She subsequently neglected the matter and refused to comply with the client's request for a refund of the fees. This court accepted a petition for consent discipline disbarring the respondent.
In Wyche, this court suspended the respondent for three years for appearing in open court on behalf of a client while he was ineligible to practice law. The respondent also concealed his ineligibility to practice from the trial judge. In an unrelated matter, the respondent neglected his client's case and failed to keep her informed of the status of the case, and failed to cooperate with the ODC in its disciplinary investigation.