| .PER CURIAM.
This disciplinary matter arises from two sets of formal charges filed by the Office of *977 Disciplinary Counsel (“ODC”) against respondent, Jay J. Szuba, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary and ineligibility history. Respondent was admitted to the practice of law in Louisiana in 1983. On August 5, 1996, respondent was admonished by the disciplinary board for failing to act with reasonable diligence and promptness, failing to communicate with a client, and failing to comply with a discovery request by an opposing party. On February 11, 1998, respondent was admonished a second time for failing to communicate with a client and failing to cooperate with the ODC in its investigation.
In 2001, we addressed a disciplinary proceeding against respondent for conduct that occurred between 1988 and 2000. The eleven counts of formal charges alleged that respondent failed to act with reasonable diligence and promptness, failed to communicate with clients, and failed to return client property at the termination of the representation. After a review of the record, we suspended respondent from | ¡.the practice of law for two years. In re: Szuba, 01-1877 (La.10/5/01), 797 So.2d 41 (hereinafter referred to as “Szuba I”).
In addition to prior discipline, we note respondent has been declared ineligible to practice law on several occasions for failing to comply with his professional obligations, as follows: 9/4/98 to 2/4/99 for failure to pay bar dues and the disciplinary assessment; 9/3/99 to 7/17/00 for failure to pay bar dues and the disciplinary assessment; 9/4/01 to present for failure to pay bar dues and the disciplinary assessment; and 8/3/02 to present for failure to comply with the mandatory continuing legal education requirement.
UNDERLYING FACTS AND PROCEDURAL HISTORY
The ODC filed two sets of formal charges against respondent. The first set, bearing the disciplinary board’s docket number 01-DB-096, was filed on September 17, 2001 and encompasses two counts of misconduct. The second set, bearing the disciplinary board’s docket number 02-DB-106, was filed on October 16, 2002 and encompasses one count of misconduct. The two sets of formal charges were considered by separate hearing committees, then consolidated by the disciplinary board. On June 23, 2004, the disciplinary board filed in this court a single recommendation of discipline encompassing both sets of formal charges.

01-DB-096

Count I — The Blum Matter
In April 1998, Dennis Blum paid respondent $1,000 to handle a property settlement matter. Respondent would not return Mr. Blum’s phone calls or otherwise communicate with him regarding the matter. Therefore, Mr. Blum fired respondent. Even though he failed to complete the work he was retained to do, respondent did not | ¡¡refund the unearned portion of the fee. Mr. Blum’s new attorney subsequently reviewed the court record and discovered a judgment had been entered that was favorable to Mr. Blum’s ex-wife because respondent failed to appear in court on behalf of Mr. Blum.
In November 2000, Mr. Blum filed a complaint against respondent with the ODC. Respondent failed to reply to the complaint, necessitating the issuance of a subpoena compelling him to appear on March 13, 2001 and answer the complaint *978 under oath. On that day, respondent informed the ODC that he would respond to the complaint. When he nevertheless failed to do so, the ODC issued a second subpoena. In his sworn statement, respondent admitted that he failed to communicate with Mr. Blum. He claimed that he was traveling extensively during this time and was unable to sign for his certified mail or retrieve his voicemail messages before they were automatically deleted. Respondent also could not recall if he went to court on behalf of Mr. Blum and could not explain why he did not know about the final judgment in the case.
The ODC alleged respondent’s conduct violated the following Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f) (failure to refund an unearned fee), 1.16(d) (obligations upon termination of the representation), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC in its investigation).
1 ¿Count II — The McCormick Matter
In March 1994, Robert McCormick retained attorney J.D. De Blieux to handle a civil matter. Mr. De Blieux turned the case over to respondent, who filed a petition for damages on behalf of Mr. McCormick. Respondent did not provide updates on the status of the case when requested by Mr. McCormick. Furthermore, respondent was personally served with several notices of court dates but failed to appear. Eventually, the case was dismissed because respondent failed to answer the defendant’s discovery requests. However, respondent informed Mr: McCormick that -the case was dismissed because the claim was not valid.
In January 2000, Mr. McCormick filed a complaint against respondent with the ODC. Respondent failed to reply to the complaint, necessitating the issuance of a subpoena compelling him to appear and answer the complaint under oath. The ODC subsequently asked respondent to provide a supplemental response to the complaint. When he failed to do so, the ODC issued a second subpoena. In his sworn statements, respondent stated that Mr. De Blieux received all the mail regarding Mr. McCormick’s case and did not notify him of the court dates. Respondent further informed the ODC that he did not claim his certified mail because he was out of town. He also did not remember being personally served, with notices of court dates.
The ODC alleged respondent’s conduct violated the following Rules of Professional Conduct: Rules 1.3,1.4, 8.1(c), 8.4(a), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d), and 8.4(g).

02-DB-106

Respondent was declared ineligible to practice law as of September 4, 2001 because he failed to pay his bar dues and the disciplinary assessment. On October 8, 2001, respondent filed a Motion for Continuance and a memorandum in support on Isbehalf of the plaintiffs in the civil matter entitled Mary K. Magyar, et al. v. State Farm Insurance Co., et al., No. 469,631 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge. The next day respondent appeared in court to argue the motion before Judge Timothy Kelley. Even though the judge informed respondent that he was ineligible to practice law, respondent continued with the hearing.
On October 11, 2001, Judge Kelley filed a complaint against respondent with the ODC. Respondent failed to reply to the *979 complaint, necessitating the issuance of a subpoena compelling him to appear and answer the complaint under oath. At the sworn statement, respondent claimed he never received notice from the bar that he was ineligible to practice law. He further stated that he did not rectify his ineligible status because he was suspended soon after learning of his ineligibility from Judge Kelley.
The ODC alleged respondent’s conduct violated Rules 5.5(a) (engaging in the unauthorized practice of law), 8.1(c), 8.4(a), and 8.4(g) of the Rules of Professional Conduct, as well as Supreme Court Rule XIX, §§ 8(D) (certifications of ineligibility to practice law for failure to pay the disciplinary assessment) and 8(E) (effect of certifications of ineligibility).
DISCIPLINARY PROCEEDINGS
Respondent was served with both sets of formal charges. He failed to answer or otherwise reply to the first set of formal charges; accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). Respondent | (¡filed an answer to the second set of formal charges, denying any intentional wrongdoing.[1]

Hearing Committee Recommendations 01-DB-096

Based on the deemed admitted facts, the hearing committee found that respondent “completely failed” to represent Mr. Blum, which led to an unfavorable judgment in Mr. Blum’s case. Even though he admitted he had “dropped the ball,” respondent did not offer to refund Mr. Blum’s $1,000 fee. The committee also found that Mr. McCormick’s case was dismissed because respondent failed to answer the defendant’s discovery requests and noted the “complete lack of communication” between respondent and Mr. McCormick. Furthermore, respondent failed to cooperate with the ODC’s investigation of both matters.
The committee determined that respondent caused harm to his clients. It also acknowledged respondent’s history of neglecting client matters, as well as his ineligibility to practice law in 1998, 1999, and 2000. Considering the ABA’s Standards for Imposing Lawyer Sanctions and this court’s prior jurisprudence dealing with similar misconduct, the committee determined the baseline sanction for respondent’s misconduct is a period of suspension.
In aggravation,. the committee recognized respondent’s prior disciplinary offenses, a pattern of misconduct, substantial experience in the practice of law, and indifference to making restitution. - The committee found no mitigating factors. Under these circumstances, the committee recommended that respondent be |7suspended from the practice of law for three years and be ordered to make restitution to Mr. Blum in the amount of $1,000.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation in 01-DB-096.

02-DB-106

Considering the evidence presented at the hearing and respondent’s post-hearing memorandum, the hearing committee determined that respondent violated the Rules of Professional Conduct as charged in the formal charges. Respondent was ineligible to practice law when he filed a motion in the Magyar civil matter and when he argued the motion in front of *980 Judge Kelley. When -Judge Kelley informed- respondent that he was ineligible to practice, respondent continued with the hearing. Respondent received notice of Judge Kelley’s complaint but failed to respond, and- the ODC had to subpoena him for . a sworn statement. Furthermore, the committee.found that respondent has not submitted-a change of primary address to the Louisiana State Bar Association as required by Supreme Court Rule XIX, § 8(C).
Considering the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined the baseline sanction for respondent’s misconduct is a suspension from the practice of law. As aggravating factors, the committee recognized respondent’s prior disciplinary offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, and substantial experience in the practice of law. The committee found no mitigating factors.
Under these facts, the committee recommended that respondent be suspended from the practice of law for a period of one year, to run consecutively to the suspension imposed in Szuba I.
IsNeither respondent nor the ODC filed an objection to the hearing committee’s recommendation in 02-DB-106.

Disciplinary Board Recommendation

After reviewing the consolidated matters,[2] the disciplinary board agreed that respondent' violated the" Rules of Professional Conduct as charged in the two sets of formal charges.[3] The board found that respondent violated duties owed to his clients, the profession, and the legal system. His actions were knowing, and both Mr. Blum and Mr. McCormick were substantially injured by his conduct. Respondent actively represented Mr. Blum but failed to appear for trial, which led to the rendition of a judgment unfavorable to his client. Respondent rendered some legal services to Mr. Blum and advanced costs and expenses but failed to return the unearned portion of the fee when his services were terminated. Respondent failed to communicate with Mr. McCormick and caused the dismissal of his lawsuit by not responding to the defendant’s discovery requests. Respondent also caused potential harm to the legal system when he filed a motion and argued that motion while he was ineligible to practice law. Furthermore, he harmed the disciplinary system by not cooperating with the ODC’s investigations.
The board found no mitigating factors, but acknowledged the following aggravating factors: prior disciplinary offenses, a pattern of misconduct, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the 19rules or orders of the disciplinary agency, substantial experience in the practice of law, and indifference to making restitution.
The board determined the baseline sanction - for respondent’s misconduct is a 'lengthy suspension from the practice of law under the ABA’s Standards for Imposing Lawyer Sanctions and the court’s pri- *981 or jurisprudence. However, the board observed that the bulk of the misconduct at issue occurred during the same time period as respondent’s misconduct subject of Szuba I. Therefore, relying on Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), the board recommended that respondent be suspended from the practice of law for three years, to run concurrently with the suspension imposed in Szuba I. Furthermore, the board recommended that respondent be ordered to provide an accounting and restitution of/ unearned fees to Mr. Blum and that he be assessed with all costs and expenses- of these proceedings. One board member dissented and would recommend that respondent be disbarred.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation, but on our own motion, we ordered the parties to submit briefs addressing the issue of an appropriate sanction. The ODC filed a brief in response to the court’s order. However, respondent failed to file a brief.
DISCUSSION
Based on our review of the record, we conclude that the ODC proved by clear and convincing evidence that respondent violated the Rules of Professional Conduct as charged in the formal charges. Respondent failed to act with reasonable diligence and promptness in representing both Mr. Blum and Mr. McCormick, failed to communicate with his clients, failed to refund the unearned portion of the legal fee Mr. Blum paid, engaged in conduct involving dishonesty and deceit by telling Mr. McCormick that -his lawsuit was dismissed because the claim was not valid, and | mpracticed law when he was ineligible to do so. Respondent also failed to cooperate with the ODC in' its investigations of the complaints filed against him.
 Having found.evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions.- In considering that issue, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.' Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered’in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s misconduct caused actual harm to his clients. Furthermore, his fail- - ure to cooperate with the ODC in its investigation impaired the efficient operation of the disciplinary process. No mitigating factors áre supported by the record; however, several aggravating factors are pres- ■ ent. Under these circumstances, we conclude the proper sanction is a suspension from the practice of law.
In Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), we observed that when the underlying conduct'occurs within the same period as the misconduct forming the basis for a previous sanction, the discipline imposed should be determined as if both proceedings were before the court simultaneously. The instant case presents an interesting variation on the Chatelain theme, as the misconduct in the first set of formal charges occurred during the same time frame as '.the miscom duct in Szuba I, but the unauthorized practice of law at issue in the second set of formal charges occurred thereafter. Ac-' cordingly, we must consider the two sets of formal charges separately.
InThe misconduct in the first set of formal charges, 01-DB-096, generally con *982 sists of a lack of diligence, failure to communicate, and failure to properly terminate the representation of clients. This misconduct is nearly identical to that seen in Szuba I, and ■ it occurred during the same relevant time frame. Had the instant charges been considered simultaneously with those charges forming the basis of Szuba I, it would have only reinforced our view that a lengthy suspension was warranted to sanction respondent for his misconduct and to protect the public. Therefore, applying Chatelain, we will adjudge respondent guilty of additional violations which will be added to his record- for consideration in the event he applies for reinstatement from Szuba I.
Turning to the second set of formal charges, 02-DB-106, the record clearly demonstrates that respondent practiced law after he was declared ineligible to do so,[4] and despite having been warned of his ineligibility by a district judge. This misconduct did not take place at the same time as the misconduct that was at issue in Szuba I. Moreover, respondent did not cooperate with the ODC in its initial investigation of the complaint filed against him. Under the facts of this case, we find a one. year and one day suspension is an appropriate sanction for respondent’s misconduct subject of the second set of formal charges.
DECREE
Upon review of the findings and recommendations of the hearing committees and the disciplinary board, and considering the record and the brief filed by the ODC, it is ordered that Jay J. Szuba, Louisiana Bar Roll number 2139, be suspended from |12the practice of law in Louisiana for a period of one year and one day for the misconduct charged in 02-DB-106. As to 01-DB-096, it is ordered that respondent be adjudged guilty of additional violations which warrant discipline and which may be considered in the event he applies for reinstatement from his suspension in In re: Szuba, 01-1877 (La.10/5/01), 797 So.2d 41, after becoming eligible to do so. Respondent is ordered to furnish complete ac-countings and full restitution of all unearned legal fees to his clients subject of the formal charges: All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
TRAYLOR and VICTORY, JJ., dissent and based upon his prior disciplinary record would disbar.

. Respondent stated that he only practiced law once while ineligible. However, we note that during the period of his ineligibility, respondent also filed the petition for damages in the Magyar civil matter and requested that trial subpoenas be issued.

. We caution the board -that we have previously disapproved its. interpretation of the “deemed admitted rule,” specifically a requirement in deemed admitted matters that the ODC “bears the bidden-of proving a pri-ma facie case by competent evidence.... ” See In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715. Nevertheless, as the board found the formal charges against respondent were proven by clear and convincing evidence, we find the error is harmless in this case.

. The board correctly found that Supreme Court Rule XDÍ, § 8(E) does not encompass a regulation that can be violated by an attorney. Rather, that section merely describes the effect of a certification of ineligibility.

. In these proceedings respondent has taken the cavalier position that such conduct does ' not warrant discipline. We disagree, having sanctioned attorneys on numerous occasions for practicing law while ineligible. See In re: Hardy, 03-0443 (La.5/2/03), 848 So.2d 511, and the cases cited therein.