PER CURIAM
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Nichole Goudeau, an attorney licensed to practice law in Louisiana.
FORMAL CHARGES
On July 1, 2009, respondent became ineligible to practice law for failing to comply with mandatory continuing legal education ("MCLE") requirements. On September 9, 2009, she was declared ineligible to practice law for failing to pay bar dues and the disciplinary assessment. On November 30, 2009, she was declared ineligible to practice law for failing to file a trust account disclosure statement.
Despite being ineligible to practice law, in November 2009, respondent began representing Deana Harris in a divorce matter. Respondent quoted Ms. Harris a $135 per hour fee and required a $1,500 deposit, which Ms. Harris paid. Thereafter, respondent consulted with Ms. Harris multiple times and began drafting a petition and proposed order. However, before those pleadings were filed with the court, Ms. Harris requested that respondent stop working on the matter.
Respondent sent Ms. Harris a bill, showing a balance due of $2,345.80 after the deduction of the initial $1,500 deposit; the bill indicated respondent spent thirteen hours on legal research, four hours calculating child support using the Louisiana child support worksheet, and six and a half hours drafting a petition that was never finalized and filed. Ms. Harris did not pay the balance due, and respondent has not sought to collect the balance. Respondent has also not issued a refund of the $1,500 deposit.
The ODC alleged that respondent's conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.1(b) (failure to comply with MCLE requirements), *395 1.1(c) (failure to pay bar dues and the disciplinary assessment), 1.5 (fee arrangements - charging an unreasonable fee), and 5.5(a) (engaging in the unauthorized practice of law).
DISCIPLINARY PROCEEDINGS
In July 2011, the ODC filed formal charges against respondent. Respondent answered the formal charges, admitting to the factual allegations set forth therein. She also admitted to violating Rules 1.1(b) and 1.1(c) of the Rules of Professional Conduct but denied violating Rules 1.5 and 5.5(a).
The matter then proceeded to a formal hearing on the merits. Respondent did not appear at the hearing, and she filed nothing for the committee's consideration. The ODC introduced documentary evidence but did not call any witnesses to testify before the committee.
Hearing Committee Report
After considering the evidence presented at the hearing, the hearing committee found that respondent has been ineligible to practice law since 2009. The committee also found that respondent accepted a $1,500 fee and performed all of her work for Ms. Harris while she was ineligible to practice. Furthermore, the committee found that respondent charged an excessive fee because she spent thirteen hours researching basic family law issues, four hours calculating a basic child support worksheet, and six and a half hours drafting a petition that she admitted was taken largely from a Westlaw form. Based on these factual findings, the committee determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The committee determined respondent knowingly violated duties owed to her client, the public, the legal system, and the legal profession. Her conduct caused actual harm in that she collected legal fees for work she was ineligible to perform. After considering the ABA's Standards for Imposing Lawyer Sanctions , the committee determined the baseline sanction is suspension.
The only aggravating factor the committee found to be present was respondent's indifference to making restitution. In mitigation, the committee found the following: the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, full and free disclosure to the disciplinary board, and inexperience in the practice of law (admitted 2007). Additionally in mitigation, the committee noted that respondent charged Ms. Harris a low hourly fee and that respondent initially cooperated with the ODC even though she did not appear for the hearing.
In light of the above findings and this court's prior jurisprudence addressing similar misconduct, the committee recommended respondent be suspended from the practice of law for six months, with all but thirty days deferred, followed by two years of unsupervised probation with the condition that she attend Ethics School.
Neither respondent nor the ODC filed an objection to the hearing committee's report.
Disciplinary Board Recommendation
After review, the disciplinary board adopted the hearing committee's factual findings, determining that they are supported by the record and are not manifestly erroneous. The board also adopted the committee's conclusion that respondent violated the Rules of Professional Conduct as charged.
The board then determined respondent acted knowingly and caused actual harm to her client, the public, and the legal profession. After considering the ABA's Standards *396 for Imposing Lawyer Sanctions , the board agreed with the committee that the baseline sanction is suspension.
After further considering this court's prior jurisprudence addressing similar misconduct and despite noting the multiple mitigating factors present, especially respondent's inexperience in the practice of law, the board determined that a period of actual suspension is warranted. Specifically, the board determined that a suspension from the practice of law for one year and one day was appropriate due to the length of time respondent has been ineligible to practice law, the many opportunities she has been given to correct her ineligibility, and her failure to participate in the formal hearing of this matter.
Accordingly, the board recommended respondent be suspended from the practice of law for one year and one day and be required to make restitution to her client.
Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5 (B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks , 09-1212 (La. 10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee's factual findings. See In re : Caulfield , 96-1401 (La. 11/25/96), 683 So.2d 714 ; In re: Pardue , 93-2865 (La. 3/11/94), 633 So.2d 150.
In this matter, respondent accepted a legal fee and practiced law while ineligible to do so and then failed to refund the legal fee to her client. As such, she has violated the Rules of Professional Conduct as alleged in the formal charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis , 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington , 459 So.2d 520 (La. 1984).
The record supports a finding that respondent knowingly violated duties owed to her client, the public, and the legal profession, causing actual harm. The baseline sanction for this type of misconduct is suspension.
Aggravating factors include bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency and indifference to making restitution. The following mitigating factors are present: absence of a prior disciplinary record, absence of a dishonest or selfish motive, and inexperience in the practice of law.
Turning to the issue of an appropriate sanction, both the hearing committee and the disciplinary board noted that, in In re: Hardy , 03-0443 (La. 5/2/03), 848 So.2d 511, we specified the baseline sanction for respondent's conduct as a suspension from the practice of law for one year and one day, stating:
*397 In cases in which an attorney has engaged in the practice of law while ineligible to do so for failing to pay bar dues or failing to comply with the mandatory continuing legal education requirements, this court has imposed suspensions to disbarment, with the baseline sanction generally being a one year and one day suspension from the practice of law.
Additional case law addressing similar misconduct further supports the imposition of a one year and one day suspension. In In re: Polk , 15-1408 (La. 9/25/15), 174 So.3d 1131, we suspended an attorney for one year and one day for practicing law while ineligible, neglecting a legal matter, and failing to refund an unearned fee. Similarly, in In re: Gbalazeh , 17-1704 (La. 12/5/17), 231 So.3d 21, we suspended an attorney for one year and one day for practicing law on two occasions by seeking to enroll as counsel on behalf of immigration clients while she was ineligible to practice law and failing to cooperate with the ODC in two investigations.
In light of this case law and the aggravating and mitigating factors present, we find a deviation from the baseline sanction we established in Hardy is unwarranted. Specifically, we find respondent's continued failure to correct her ineligibility and refund Ms. Harris' $1,500 makes a downward deviation from the baseline sanction inappropriate.
Accordingly, the board's recommendation will be adopted. We will suspend respondent from the practice of law for one year and one day and require her to make restitution to Ms. Harris.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Nichole Goudeau, Louisiana Bar Roll number 31175, be and she hereby is suspended from the practice of law for a period of one year and one day. It is further ordered that respondent shall make restitution, with legal interest, to Deana Harris. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
HUGHES, J., dissents and would impose a lesser penalty.