ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
_JjThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Allen A. Krake, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.
FORMAL CHARGES
Respondent has been ineligible to practice law since June 19, 2010 for failure to comply with the mandatory continuing legal education requirements. Respondent is also ineligible for failure to pay his bar dues and the disciplinary assessment, and for failure to file a trust account registration statement. Notwithstanding his ineligible status, on September 11, 2012, respondent filed a petition for appointment of an independent administratrix in the matter entitled Succession of Jerry De-Leon Bryant in the 35th Judicial District Court for the Parish of Grant.
In response to the ODC’s inquiry regarding his ineligible status, respondent indicated that he was unaware of his ineligibility and would be hiring counsel to represent his interests going forward. No further response was ever received from respondent, necessitating the issuance of a subpoena for his sworn statement. De *1224 spite being personally served with the subpoena, respondent failed to appear for the sworn statement as scheduled on April 3, 2013.
| ¡.DISCIPLINARY PROCEEDINGS
In July 2013, the ODC filed formal charges against respondent, alleging that his conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 1.1(b) (a lawyer is required to comply with the minimum requirements for continuing legal education), 1.1(c) (a lawyer is required to pay bar dues and the disciplinary assessment),» 5.5(a) (practicing law in violation of the regulation of the legal profession in that jurisdiction), and 8.1(c) (failure to cooperate with the ODC in its investigation).
Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee made factual findings consistent with the factual allegations set forth above: Based on these findings, the committee determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The committee determined respondent violated a duty owed to his clients and the legal profession. Respondent knowingly violated Rules 1.1(b), 1.1(c), and 8.1(c) by failing to comply with his professional obligations and by failing to cooperate with the ODC in its investigation. Respondent’s violation of Rule 5.5, which was an isolated instance, was negligent, at most. Respondent caused potential harm to his clients by practicing law while he was ineligible to do so and caused actual harm to the court’s regulatory system by failing to cooperate with the |3OPC. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined the baseline sanction is suspension.
In aggravation, the committee found bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency and substantial experience in the practice of law (admitted 1988). In mitigation, the committee found the absence of a prior disciplinary record.
Considering the facts of this case, as well as the jurisprudence of the court, the committee recommended respondent be suspended from the practice of law for one year, with all but six months deferred, coupled with a one-year period of probation with special conditions, including the requirement that respondent maintain his eligibility, cooperate fully in all inquiries made by the ODC, and refrain from any further violations of the Rules of Professional Conduct.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing the record, the disciplinary board determined the hearing committee’s factual findings are supported by the factual allegations in the formal charges and/or by the evidence submitted in support of the allegations. The board also determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
*1225 ■ The board determined respondent knowingly violated duties owed to the legal profession, and rejected the committee’s finding that respondent’s violation of Rule 5.5(a) was negligent. Respondent caused potential harm to his clients by practicing law while he was ineligible and caused actual harm to the legal profession by failing to cooperate with the ODC’s investigation, which caused the |4OPC to expend additional resources. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the baseline sanction is suspension.
The board adopted the aggravating factors found by the committee, but declined to adopt the mitigating factor of absence of a prior disciplinary record due to respondent’s prior judicial discipline in In re: Krake, 06-1658 (La.10/27/06), 942 So.2d 18.[1] The board did not consider respondent’s prior judicial misconduct to be an aggravating factor in this matter, but also felt respondent should not benefit from the mitigating factor of having a clean discipline record.
The board acknowledged that the jurisprudence of the court in similar matters indicates at least a portion of any suspension could be deferred. However, in consideration of the totality of the circumstances in this matter, including respondent’s failure to participate in these proceedings in any meaningful manner, the board recommended respondent be suspended from the practice of law for one year and one day, which will require him to appear and demonstrate his fitness to return to the practice of law by clear and convincing evidence. One board member dissented and would recommend that a portion of the suspension be deferred.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an isindependent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
*1226 The record in this deemed admitted matter supports a finding that respondent practiced law while ineligible and failed to cooperate with the ODC in its investigation. Based on these facts, respondent has violated the Rules of Professional Conduct as charged by the ODC.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987).
Respondent knowingly violated duties owed to his client and the legal profession. His misconduct caused potential harm to his clients and actual harm to the legal profession. The baseline sanction for this type of misconduct is | suspension. We agree with the disciplinary board’s assessment of the aggravating and mitigating factors.
In prior cases involving the practice of law by attorneys who are ineligible to do so, the court has imposed sanctions ranging from suspension to disbarment, with the baseline sanction generally being a suspension of one year and one day. See In re: Hardy, 03-0443 (La.5/2/03), 848 So.2d 511. Based on this jurisprudence, and considering the absence of any mitigating factors, we find no reason to deviate downward from the baseline sanction.
Accordingly, we will adopt the board’s recommendation and suspend respondent from the practice of law for one year and one day.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Allen A. Krake, Louisiana Bar Roll number 18986, be and he hereby is suspended from the practice of law for one year and one day. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent, a former judge, was the subject of a disciplinary proceeding involving his public and persistent abuse of alcohol, especially his being severely hung over or appearing to be hung over while on the bench or in chambers. On October 27, 2006, we suspended respondent from judicial office for the remainder of his term, which was set to expire on December 31, 2008, with all but six months of that suspension deferred, and placed respondent on probation for the remainder of his term as a judge. On February 26, 2008, we revoked respondent’s probation for failure to comply with the terms of our previous order.