PER CURIAM
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Christine Y. Voelkel, an attorney licensed to practice law in Louisiana, but currently on interim suspension for threat of harm to the public. In re: Voelkel , 19-0344 (La. 3/8/19), 265 So.3d 759.[1]
FORMAL CHARGES
The ODC filed two sets of formal charges against respondent under disciplinary board docket numbers 15-DB-031 and 16-DB-099. Respondent failed to answer *1199 the formal charges in 15-DB-031 but did file an answer in 16-DB-099. The matters were then considered by separate hearing committees.
Upon respondent's failure to answer the charges in 15-DB-031, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration. With respect to the charges in 16-DB-099, although respondent filed an answer, she failed to appear for the formal hearing.
In May 2018, the two sets of formal charges were consolidated by order of the disciplinary board. The board then filed in this court a single recommendation of discipline encompassing both sets of formal charges.
15-DB-031
On March 10, 2014, respondent incurred an overdraft in her client trust account in the amount of $ 1,325. By letter dated March 21, 2014, the ODC requested that respondent provide an explanation for the overdraft, along with six months of bank statements for the period prior to the overdraft and supporting documentation for the activity therein. Respondent received the correspondence on March 28, 2014. Nevertheless, she failed to respond. By letter dated August 14, 2014, the ODC made a second request for the information.
On August 18, 2014, the ODC received a response from respondent, in which she indicated that she was delayed in responding and unable to get the requested materials because of financial and emotional difficulties. Specifically, respondent indicated that she recently moved from her home and her office due to her separation from her spouse. Respondent also indicated that she had recently suffered a miscarriage. Regarding the overdraft, respondent explained that it was caused by the bank placing a hold on a deposit. She further stated that the account had a sufficient balance at the time the check was presented.
The ODC attempted to serve respondent with a subpoena to appear for a sworn statement and to produce the requested documents. However, the ODC's investigator was not able to locate her. Thereafter, respondent called the ODC, indicating she would waive service because she was homeless and would appear for the sworn statement on October 29, 2014. Thereafter, respondent failed to communicate or cooperate with the ODC.
The ODC alleged that respondent's conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.15 (safekeeping property of clients or third persons) and 8.1(c) (failure to cooperate with the ODC in its investigation).
Hearing Committee Report
After considering the ODC's deemed admitted submission in 15-DB-031, the hearing committee made factual findings consistent with the factual allegations in the formal charges that were deemed admitted and proven by clear and convincing evidence. Based on these findings, the committee determined that respondent violated Rules 1.15 and 8.1(c) of the Rules of Professional Conduct as alleged in the formal charges. The committee also determined that respondent violated Rules 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority) and 8.4(a) (violation of the Rules of Professional Conduct) even though the ODC did not charge her with same.
*1200 The committee determined that the overdraft of respondent's trust account was the result of an oversight and negligence and that there was no evidence of actual harm. The committee also determined that respondent knowingly and intentionally violated her duty to cooperate with the ODC's investigation.
The committee then noted that respondent indicated she was abandoned by her spouse, evicted from her home, homeless, and suffered a miscarriage. However, the committee found no evidence that these factors related to or caused the trust account overdraft or respondent's failure to cooperate. Nevertheless, the committee found respondent's separation from her spouse, homelessness, miscarriage, and the related emotional consequences to be mitigating factors. However, these mitigating factors may be interpreted as very good reasons why respondent is unfit to continue to practice law without some type of intervention, mentoring, or monitoring. In aggravation, the committee referenced respondent's bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency.
After also considering this court's prior jurisprudence addressing similar misconduct, the committee recommended respondent be suspended from the practice of law for one year, fully deferred, subject to a two-year period of probation with the following conditions:
1. Respondent shall submit to the ODC quarterly audits of her trust account performed by an ODC-approved CPA;
2. Respondent shall complete at least six hours of her mandatory continuing legal education requirements in the area of law practice management/client trust account management; and
3. Respondent must successfully complete the Louisiana State Bar Association's ("LSBA") Ethics School and Trust Accounting School.
Neither respondent nor the ODC filed an objection to the hearing committee's report.
16-DB-099
Count I
On July 1, 2015, the ODC received notice from the clerk of the 22nd Judicial District Court that respondent filed several pleadings while she was ineligible to practice law. Respondent failed to cooperate with the ODC's investigation of the complaint.
The ODC alleged that respondent's conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.1(b) (failure to comply with MCLE requirements), 1.1(c) (failure to pay bar dues and the disciplinary assessment), 5.5 (engaging in the unauthorized practice of law), and 8.1(c).
Count II
In April 2013, Nicholas Harper hired respondent to represent him in a civil lawsuit against the City of Covington Police Department. Mr. Harper initially paid respondent $ 2,000, and the Louisiana Fraternal Order of Police paid respondent additional fees on Mr. Harper's behalf. In December 2015, respondent stopped communicating with Mr. Harper. Respondent then failed to cooperate with the ODC in its investigation of Mr. Harper's complaint.
The ODC alleged that respondent's conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), and 8.1(c).
*1201 In her answer to the formal charges, respondent indicated that, in December 2015, Mr. Harper told her he no longer wanted to proceed with the matter. She also indicated that she should have handled the end of the representation more formally by putting something in writing to Mr. Harper.
Count III
In June 2016, the ODC received notice of an overdraft in respondent's client trust account. In August 2016, the ODC received notice of a second overdraft in respondent's trust account. Respondent failed to cooperate with the ODC's investigation of the matter.
The ODC alleged that respondent's conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.15, 8.1(c), and 8.4(a).
Hearing Committee Report
After considering the testimony and evidence presented at the hearing, the hearing committee found that the ODC's witness Barbara Pierpont, who works in the 22nd Judicial District Court clerk's office, testified that respondent filed three pleadings in June 2015 while she was ineligible to practice law. Ms. Pierpont also testified about her staff's frustration at a year-long inability to contact respondent for routine and necessary communications regarding pleadings and cases. In nearly every instance, the clerks were unable to reach respondent at addresses and/or telephone numbers provided. One such complaint came from the court's customer service counter, which could not reach respondent regarding files she had checked out and not returned for more than a year. In response to continued complaints, Ms. Pierpont consulted the LSBA website to get the most recent contact information for respondent. In doing so, she learned that respondent was ineligible and immediately conferred with the Louisiana Attorney Disciplinary Board for further guidance. In addition to this witness testimony, the ODC offered a certificate from the LSBA, which revealed that respondent was indeed ineligible from June 1, 2015 until August 3, 2015 for non-compliance with mandatory continuing legal education requirements and was again ineligible from September 9, 2015 until September 22, 2015 for non-payment of the disciplinary assessment and bar dues. The committee also found that no evidence was heard to substantiate or corroborate the charges in Count II relative to complainant Nicholas Harper. With respect to Count III, the committee found the ODC offered letters from Capital One Bank that included statements showing overdrafts on checks written on respondent's trust account on June 3, 2016 and June 13, 2016.
Based on these facts, the committee determined that respondent violated Rules 1.1(b), 1.1(c), 1.15. 5.5, 8.1(c), and 8.4(a) of the Rules of Professional Conduct. The committee also determined that there was insufficient evidence to prove respondent violated Rules 1.3 and 1.4 with respect to Count II because Mr. Harper did not testify at the hearing.
The committee then determined that respondent negligently violated duties owed to the legal profession. Her conduct did not cause actual harm but did have the potential to cause harm. The committee further determined that the baseline sanction in this matter is suspension. Regarding aggravating and mitigating factors, the committee noted only respondent's conduct in the pending formal charges in 15-DB-031 as an aggravating factor.
After also considering this court's prior jurisprudence addressing similar misconduct, the committee recommended respondent be suspended from the practice of law for one year, with all but two months deferred. The committee also recommended that, prior to being reinstated to *1202 the practice of law, respondent be required to meet the following conditions:
1. Respondent shall submit to the ODC quarterly audits of her trust account performed by an ODC-approved CPA;
2. Respondent shall complete at least six hours of her mandatory continuing legal education requirements in the area of law practice management/client trust account management; and
3. Respondent must successfully complete the LSBA's Ethics School and Trust Accounting School.
The ODC filed an objection to the hearing committee's report, arguing that the recommended sanction was too lenient.
Disciplinary Board Recommendation
15-DB-031 and 16-DB-099
After reviewing the consolidated matters, the disciplinary board determined that, with respect to 15-DB-031, the factual allegations in the formal charges were deemed admitted and proven. The board also adopted the hearing committee's additional factual findings as they are supported by the record. With respect to 16-DB-099, the board determine that the committee's factual findings are not manifestly erroneous and are supported by the record. Thus, the board adopted same. However, unlike the committee, the board found sufficient evidence to prove respondent failed to cooperate with the ODC's investigation in Count II. Regarding Count III, the board also made an additional factual finding that an overdraft also occurred in respondent's trust account on August 1, 2016.
Based on these facts, the board agreed with the committee that respondent violated Rules 1.15 and 8.1(c) of the Rules of Professional Conduct with respect to 15-DB-031; however, unlike the committee, the board did not find a violation of Rules 8.1(b) and 8.4(a) because those rule violations were not alleged in the formal charges. With respect to 16-DB-099, the board agreed with the committee that respondent violated Rules 1.1(b), 1.1(c), 1.15, 5.5, 8.1(c), and 8.4(a) but not Rules 1.3 or 1.4.
The board then determined that respondent negligently, knowingly, and intentionally violated duties owed to her clients and the legal profession. Specifically, the trust account overdrafts were negligent, and respondent knowingly practiced law while ineligible to do so. Furthermore, her failure to cooperate with the ODC in its investigations was both knowing and intentional. The board agreed with the committee that the baseline sanction is suspension.
In aggravation, the board found bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, deceptive practices during the disciplinary process, and substantial experience in the practice of law (admitted 2004). In mitigation, the board found an absence of a prior disciplinary record and personal or emotional problems.
After further considering this court's prior jurisprudence addressing similar misconduct, the board recommended respondent be suspended from the practice of law for one year and one day.
Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5 (B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
*1203 In re: Banks , 09-1212 (La. 10/2/09), 18 So.3d 57.
The evidence in the records of these consolidated matters supports a finding that respondent overdrew her client trust account on several occasions, practiced law while ineligible to do so, and failed to cooperate with the ODC in its investigations. As such, she has violated the Rules of Professional Conduct as found by the disciplinary board.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis , 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington , 459 So.2d 520 (La. 1984).
Respondent acted negligently in overdrawing her trust account. She acted knowingly in practicing law while ineligible to do so, and she acted knowingly, if not intentionally, in failing to cooperate with the ODC in its investigations. Her conduct violated duties owed to her clients and the legal profession. Respondent caused no actual harm, but the potential for harm was present. Under the ABA's Standards for Imposing Lawyer Sanctions , the applicable baseline sanction is suspension. The record supports the aggravating and mitigating factors found by the board.
Turning to the issue of an appropriate sanction, we take guidance from In re: Krake , 14-1760 (10/24/14), 149 So.3d 1223, wherein an attorney practiced law while ineligible to do so and failed to cooperate with the ODC's investigation. For this misconduct, we suspended the attorney from the practice of law for one year and one day. The case of In re: Johnson , 17-1011 (La. 9/6/17), 225 So.3d 1057, also provides guidance. In Johnson , an attorney negligently failed to timely remit funds owed to a client, failed to account for funds belonging to a client, allowed his client trust account to become overdrawn, and took cash withdrawals from his client trust account. For this misconduct, we imposed a fully deferred one year and one day suspension, subject to a two-year period of supervised probation with conditions.
In light of the above, we agree with the board that a one year and one day suspension is appropriate. This sanction will require respondent to apply for reinstatement and demonstrate to our satisfaction that she has remedied the problems that caused her misconduct. Accordingly, we will adopt the disciplinary board's recommendation and suspend respondent from the practice of law for one year and one day.
DECREE
Upon review of the findings and recommendations of the hearing committees and disciplinary board, and considering the record, it is ordered that Christine Y. Voelkel, Louisiana Bar Roll number 29469, be and she hereby is suspended from the practice of law for one year and one day. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
CRICHTON, J., concurs in part and dissents in part and assigns reasons.
CRICHTON, J., concurs in part and dissents in part and assigns reasons.
*1204 I agree with the per curiam that respondent has violated the Rules of Professional Conduct as charged. However, in my view, the respondent's conduct is worthy of a more hefty actual suspension from the practice of law.

Respondent's interim suspension was not only based on the misconduct at issue here but also on several disciplinary complaints recently filed against her.